IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., | No. C 14-0909 CW |
| Plaintiff, | ORDER GRANTING IN PART MOTION TO DISMISS (Docket No. 12) |
| v. | |
| CHRISTOPHER LANG, | |
| Defendant. | |

Plaintiff Arthur J. Gallagher & Co. brought this action against its former employee, Defendant Christopher Lang, for breach of contract and various business-related torts. Defendant moves to dismiss the complaint. Plaintiff opposes the motion. After considering the parties' submissions and oral argument, the Court grants the motion in part and denies it in part and grants Plaintiff leave to amend.

BACKGROUND

The following facts are alleged in the complaint.

Gallagher is an insurance brokerage firm with its principal place of business in Illinois. In September 2008, it acquired the California Insurance Center, the firm where Lang was employed immediately prior to his employment with Gallagher. On the date of the acquisition, Lang signed an employment agreement with Gallagher. A copy of that agreement is attached to Gallagher's complaint.

Section 1 of the employment agreement provided as follows:

> The Corporation [Gallagher] employs the Executive [Lang] and the Executive agrees to serve as an employee of the Corporation with the duties set forth in Section 2 for a term (the "Contract Term") beginning on September 10, 2008 and ending on August 31, 2011 unless earlier terminated under Section 5. Employment of the Executive shall not necessarily cease as of the expiration of the Contract Term; however, employment thereafter shall be on an at will basis but shall be subject to the requirements of Section 5(b) and Section 5(c) hereof.

Docket No. 1, Compl., Ex. A, Employment Agreement, at 2. Sections 5(b) and 5(c) of the agreement contained various terms setting forth the conditions under which either party could terminate the employment relationship. The details of these terms are not relevant here.

Another section of the agreement, Section 8, contained various non-competition and non-solicitation provisions governing Lang's relationships with Gallagher's clients and employees for up to two years after he ceased working for the firm. One of these provisions precluded Lang from soliciting any "insurance related business with any individual, partnership, corporation, association or other entity or Prospective Account about which [he] received trade secrets of [Gallagher] or any of its affiliates." Id. at 16. Another provision stated that Lang would not "directly solicit, induce or recruit any employee of [Gallagher] or its affiliates to leave the employ of [Gallagher] or its affiliates." Id.

In January 2014, Lang submitted his resignation to Gallagher. Shortly thereafter, he formed a new insurance brokerage firm with two of Gallagher's other former employees. Several clients soon

2

ended their relationship with Gallagher and brought their business to Lang's new firm.

In February 2014, Gallagher filed this action against Lang, charging him with breaching the non-competition and non-solicitation provisions of the employment agreement. In its complaint, it also alleged that Lang breached the employment agreement by, among other things, failing to provide written notice of his resignation sixty days prior to leaving the firm, as required by Section 5(d) of the agreement; refusing to meet with the firm's legal counsel after leaving the firm, as required by Section 5(g); and failing to return certain materials to the firm, as required by Section 7(c).

Gallagher asserts claims against Lang for breach of contract, intentional interference with prospective economic advantage, negligent interference with contracts and prospective economic advantage, and unfair competition and unjust enrichment. It seeks both monetary and injunctive relief.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d

3

896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

A.   Breach of Contract (First Cause of Action)

Lang contends that Gallagher has failed to state a claim for breach of contract for two reasons.  First, he argues that all of the provisions of the employment agreement that Gallagher seeks to enforce lapsed in August 2011, more than two years before he allegedly breached them.  Second, he asserts that, even if those provisions remained in effect after August 2011, the agreement's non-competition and non-solicitation provisions -- which are the focus of Gallagher's contract claim -- are void as a matter of California public policy.  Each of these arguments is addressed in turn.

4

1. Duration of the Employment Agreement

Lang asserts that the only provisions of the employment agreement that remained in effect after August 2011 were Sections 5(b) and 5(c). For support, he points to Section 1 of the agreement. That section, as noted above, provided that Lang would "serve as an employee of [Gallagher] with the duties set forth in Section 2" until August 2011, at which point he would become employed "on an at will basis . . . subject to the requirements of Section 5(b) and Section 5(c)." Employment Agreement 2.

Although this provision set forth the terms by which each party could terminate the employment relationship after August 2011, it was not intended to render every other provision of the agreement unenforceable after that date. Several provisions of the agreement, including the non-competition and non-solicitation provisions at issue here, expressly state that they will apply for a period following the conclusion of the employment relationship. See, e.g., id. at 16 (providing that Lang's non-competition and non-solicitation obligations would remain in effect "for a period equal to two (2) years following the termination of [Lang's] employment"). Other provisions of the agreement expressly state that they will only apply "during the Contract Term" and "prior to the end of the Contract Term," id. at 2, 5, 7 (emphasis added). Thus, the contract explicitly distinguishes between provisions that lapse in August 2011 and provisions -- other than Sections 5(b) and 5(c) -- which apply after that date. Because the Court

5

must give effect to these distinctions,[1] it must reject Lang's construction of the employment agreement as a matter of law.

### 2. California Public Policy

Lang contends that the non-competition and non-solicitation provisions are void as a matter of California public policy. He cites California Business and Professions Code section 16600, which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Gallagher contends that section 16600 does not apply here because the agreement contains a choice-of-law provision stating that it "shall be governed by and construed in accordance with the laws of the State of Illinois." Employment Agreement 23.

The Court must apply California's choice-of-law rules to determine whether to give force to the agreement's choice-of-law provision. Fields v. Legacy Health System, 413 F.3d 943, 950 (9th Cir. 2005) ("Federal courts sitting in diversity apply 'the forum state's choice of law rules to determine the controlling substantive law.'"). "'When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws . . . dictates a different result.'" Bridge Fund Capital Corp. v. Fastbucks

---

[1] This rule applies regardless of whether the contract is construed under California or Illinois law. See Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."); Berkeley Properties, Inc. v. Balcor Pension Investors, 227 Ill. App. 3d 992, 1002 (1992) ("It is presumed that parties do not insert meaningless words and phrases into contracts; therefore, no part of a contract should be rejected as meaningless or surplusage.").

6

Franchise Corp., 622 F.3d 996, 1002 (9th Cir. 2010) (quoting Hoffman v. Citibank (S.D.), N.A., 546 F.3d 1078, 1082 (9th Cir. 2008); alteration in original).  Under this approach,

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . , unless either
>
> (a)  the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b)  application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2).

Here, the chosen state, Illinois, has a substantial relationship to the parties because Gallagher has its principal place of business there.  See Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 467 (1992); Restatement (Second) of Conflict of Laws § 187 cmt. f (recognizing that a "substantial relationship" with the chosen state exists where "one of the parties is domiciled or has his principal place of business" there).  Subsection (a) therefore does not render the employment agreement's choice-of-law provision unenforceable.

Subsection (b), however, does render the provision unenforceable.  Applying Illinois law to the parties' contract would contravene California's fundamental public policy against the enforcement of non-competition and non-solicitation agreements.  The California Supreme Court has recognized that

7

"California has a strong interest in protecting its employees from noncompetition agreements under section 16600." Advanced Bionics Corp. v. Medtronic, Inc., 29 Cal. 4th 697, 706 (2002). Furthermore, California has a materially greater interest in the outcome of this case than Illinois because Lang is a California resident who worked for Gallagher exclusively in California.[2] "California's interests would be more seriously impaired by enforcement of the parties' contractual choice of law provision than would the interests of [the other state] if California law were applied." Davis, 2007 WL 2288298, at *8. Accordingly, the employment agreement in this case must be governed by California rather than Illinois law.

Under California law, to the extent that the provisions of the agreement preclude Lang from soliciting business from Gallagher's clients, they are void. The California Supreme Court recently held that a non-solicitation provision, similar to one of the provisions at issue here, was invalid under section 16600. Edwards v. Arthur Andersen LLP, 44 Cal. 4th 937, 948 (2008). In that case, the employee, an accountant, had signed an agreement

---

[2] See Davis v. Advanced Care Technologies, Inc., 2007 WL 2288298, at *7 (E.D. Cal.) (finding that "California has a 'materially greater interest' in the outcome of this case because it has a greater connection to the facts of this case" in light of the fact that the plaintiff "is a resident of California and currently works out of California"); United Rentals, Inc. v. Pruett, 296 F. Supp. 2d 220, 232 (D. Conn. 2003) (finding that, even though the defendant-employer was headquartered in Connecticut, "California [] has a materially greater interest in the outcome of this litigation than does Connecticut" because the plaintiff-employee was a California resident employed in California); Prod. Res. Grp., LLC v. Oberman, 2003 WL 22350939, at *10 (S.D.N.Y.) (finding "California has a materially greater interest than New York in resolving the issue of the validity of the non-competition agreement" because the plaintiff was "a California resident working out of California" and "the work he now seeks to do is centered in California").

8

"not to solicit (to perform professional services of the type [he] provided) any client of the office(s) to which [he was] assigned" for a certain period after he stopped working for his employer. Id. at 942. The California Supreme Court refused to enforce this provision against the employee because it found that the provision "restricted his ability to practice his accounting profession." Id. at 948. The same reasoning precludes Gallagher from enforcing the provision of its agreement that prohibits Lang from soliciting business from its clients.[3]

In contrast, the provision of the agreement prohibiting Lang from recruiting Gallagher's employees is not void. Although California courts recognize that an employer may not prohibit its former employees from hiring the employer's current employees, an employer may lawfully prohibit its former employees from actively recruiting or soliciting its current employees. See Loral Corp. v. Moyes, 174 Cal. App. 3d 268, 280 (1985) ("Equity will not enjoin a former employee from receiving and considering applications from employees of his former employer, even though

---

[3] Gallagher suggested at the hearing that this provision is enforceable because it protects against theft of trade secrets. The Edwards court expressly declined to "address the applicability of the so-called trade secret exception to section 16600," 44 Cal. 4th at 956 n.4, and the California Court of Appeal has recently expressed "doubt" as to its "continued viability." Dowell v. Biosense Webster, Inc., 179 Cal. App. 4th 564, 577 (2009); see also Retirement Group v. Galante, 176 Cal. App. 4th 1226, 1238 (2009) (refusing to recognize the existence of a "judicially-created [trade secrets] 'exception' to section 16600's ban on contractual nonsolicitation clauses"). Nonetheless, even assuming that the exception remains viable, it would not apply here because the provision at issue in this case is too broad: it precludes Lang from soliciting any "insurance related business with any individual, partnership, corporation, association or other entity or Prospective Account about which [he] received trade secrets," regardless of whether he actually solicits that business using Gallagher's trade secrets. Employment Agreement 16 (emphasis added).

9

1 the circumstances be such that he should be enjoined from
2 soliciting their applications."); Thomas Weisel Partners LLC v.
3 BNP Paribas, 2010 WL 546497, at *6 (N.D. Cal.) (recognizing that
4 section 16600 precludes restraints on hiring former colleagues but
5 permits restraints on solicitation).  Thus, Section 8(b) of the
6 employment agreement, which precludes Lang from "directly
7 solicit[ing], induc[ing] or recruit[ing]" Gallagher's current
8 employees, is enforceable here and does not violate section 16600.
9 Because Gallagher has alleged that Lang actively induced his
10 former colleagues to leave Gallagher -- rather than simply hiring
11 them after they independently decided to leave the firm -- it has
12 stated a valid claim for breach of Section 8(b) of the agreement.
13     Although Gallagher's complaint focuses on the alleged breach
14 of the non-competition and non-solicitation provisions, it also
15 asserts that Lang breached other provisions of the employment
16 agreement.  As noted above, the complaint alleges that Lang
17 breached Section 5(d), 5(g), and 7(c) of the agreement by failing
18 to give sixty days written notice of his resignation, refusing to
19 meet with the firm's legal counsel following his resignation, and
20 failing to return all of the firm's property and other materials.
21 Lang's only argument for dismissal of Gallagher's claims based on
22 these provisions is that these provisions lapsed in August 2011.
23 As explained above, that argument is unavailing.  Thus, because
24 Lang has failed to show that these provisions are unenforceable,
25 Gallagher has stated a valid contract claim based on Lang's
26 alleged breach of these provisions.
27     Gallagher suggested at the hearing that its contract claim
28 was also based on other provisions of the employment agreement,

10

including Section 5(h), which precludes Lang from making "any false, defamatory or disparaging statements" following his employment with the firm.  Employment Agreement 11.  However, Gallagher has not plead sufficient facts to suggest that Lang actually breached any of these provisions.  Although its complaint summarizes the content of some of these provisions, including Section 5(h), it never specifically asserts that Lang breached any of them nor does it allege sufficient facts to support an inference that he did.  Accordingly, to the extent that Gallagher's contract claim is based on any provisions of the agreement other than Sections 5(d), 5(g), 7(c), and 8(b), it has failed to state a valid claim for breach of contract based on those other provisions.  If Gallagher seeks to assert any claims based on any false statements that Lang made after leaving the firm, it must plead those claims with particularity.  Fed. R. Civ. P. 9(b).

   3. Leave to Amend

 Gallagher is granted leave to amend its contract claim in order to plead sufficient facts to support its claim that Lang breached provisions of the employment agreement other than Sections 5(d), 5(g), 7(c), and 8(b).  It may also plead new facts showing that one of the statutorily recognized exceptions to section 16600 applies to the agreement's non-competition and non-solicitation provisions.  Finally, Gallagher is granted leave to assert a new claim for misappropriation of trade secrets.  As noted above, Gallagher alleges that Lang breached a provision of the employment agreement precluding him from soliciting any clients "about which [he] received trade secrets of [Gallagher] or

any of its affiliates." Employment Agreement 16. While this allegation is not sufficient to support a contract claim in light of section 16600, it could potentially give rise to a claim for misappropriation of trade secrets if it were augmented with additional factual allegations. Retirement Group, 176 Cal. App. 4th at 1238 ("[S]ection 16600 bars a court from specifically enforcing (by way of injunctive relief) a contractual clause purporting to ban a former employee from soliciting former customers to transfer their business away from the former employer to the employee's new business, but a court may enjoin tortious conduct (as violative of either the Uniform Trade Secrets Act and/or the Unfair Competition Law) by banning the former employee from using trade secret information to identify existing customers, to facilitate the solicitation of such customers, or to otherwise unfairly compete with the former employer." (emphasis in original)). Accordingly, Gallagher is granted leave to assert such a claim in its amended complaint, if it can truthfully do so.

B. Business Tort Claims (Second, Third, and Fourth Causes of Action)

Gallagher argues that its remaining business tort claims should be construed according to Illinois law in light of the contract's choice-of-law provision. Even if the choice-of-law provision were enforceable here -- which it is not for reasons explained above -- it would not govern Gallagher's tort claims. The choice-of-law provision, by its own terms, governs only the construction of the employment agreement itself. See Employment Agreement 23 ("This Agreement is made in and shall be governed by and construed in accordance with the laws of the State of

12

Illinois." (emphasis added)).  All of Gallagher's tort claims are therefore governed by California law.

Because Gallagher plead its tort claims under Illinois common law, these claims are dismissed.  Gallagher is granted leave to amend in order to re-plead these claims under California law.

CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 12) is GRANTED in part and DENIED in part. Plaintiff has stated a claim for breach of contract based on Defendant's alleged breaches of Sections 5(d), 5(g), 7(c), and 8(b) of the employment agreement.  All of Plaintiff's other claims are dismissed.

Plaintiff may file an amended complaint within fourteen days of this order.  In the amended complaint, Plaintiff is granted leave to allege specific facts showing that: (1) Defendant breached provisions of the employment agreement in addition to Sections 5(d), 5(g), 7(c), and 8(b); (2) the employment agreement's non-competition and non-solicitation provisions fall under a statutorily recognized exception to California Business and Professions Code section 16600; and (3) Defendant misappropriated Plaintiff's trade secrets in violation of California's Uniform Trade Secrets Act.  Plaintiff may also re-plead its other business tort claims under California law.

//
//
//
//
//

13

In the future, the parties shall comply with Civil Local Rule 5-1(e)'s requirement that all documents be filed in a format that permits electronic text searches.

IT IS SO ORDERED.

Dated: 5/23/2014

CLAUDIA WILKEN
United States District Judge