IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., | No. C 14-0909 CW |
|     Plaintiff, | ORDER GRANTING IN PART MOTION TO DISMISS (Docket No. 22) |
|   v. | |
| CHRISTOPHER LANG, | |
|     Defendant. | |

Plaintiff Arthur J. Gallagher & Co. brought this action against its former employee, Defendant Christopher Lang, for breach of contract and various business-related torts. Defendant moves to dismiss the amended complaint. Plaintiff opposes the motion. After considering the parties' submissions, the Court grants the motion in part and denies it in part.

## BACKGROUND

This Court granted in part Defendant's prior motion to dismiss, and granted Plaintiff leave to amend its complaint. The following facts are alleged in the amended complaint.

Gallagher is an insurance brokerage firm with its principal place of business in Illinois. In September 2008, it acquired the California Insurance Center, the firm where Lang was employed immediately prior to his employment with Gallagher. On the date of the acquisition, Lang signed an employment agreement with Gallagher. A copy of that agreement was filed after Gallagher filed his amended complaint.

Section 5 of the employment agreement addressed termination of Lang's employment. Section 5(d) provided that Lang could terminate the employment agreement for any reason upon giving sixty days' notice to Gallagher;[1] and Section 5(g) provided that, both during his employment and after the termination of his employment, Lang would make himself available to Gallagher's legal counsel to provide information relevant to any actual or potential legal proceeding. Docket No. 21, Errata, Ex. A, Employment Agreement, at 10-11.

Section 7 of the employment agreement stated that Gallagher provided Lang with confidential trade secret information, and that Lang agreed that, upon termination of his employment, he would return to Gallagher "all copies or tangible embodiments of materials" containing such information. Id. at 13-15.

Section 8 of the employment agreement included the non-competition and non-solicitation provisions that this Court previously held to be unenforceable as contrary to California public policy. Docket No. 18, Order, at 6-11. Additionally, Section 8(b) prohibited Lang from recruiting Gallagher's employees:

> The Executive [Lang] recognizes that employees of the Corporation [Gallagher] and its affiliates are a valuable resource of the Corporation and its affiliates and are

---

[1] In addition, Section 5(c) of the employment agreement provided that Lang could terminate his employment without providing sixty days' notice under certain conditions defined in the employment agreement as constituting "Good Reason." Neither party argues that those conditions are present in this case, or that Lang terminated his employment pursuant to Section 5(c). Employment Agreement 9-10.

2

>           integral to their full enjoyment of the
>           goodwill and other assets acquired in the
>           Transaction.  Accordingly, the Executive
>           agrees that, for a period equal to two (2)
>           years following the termination of the
>           employment of the Executive with the
>           Corporation or its affiliates (as applicable)
>           for any reason whatsoever, the Executive will
>           not directly solicit, induce or recruit any
>           employee of the Corporation or its affiliates
>           to leave the employ of the Corporation or its
>           affiliates.

Employment Agreement 17.

In January 2014, Lang submitted his resignation to Gallagher. Shortly thereafter, he formed a new insurance brokerage firm with two of Gallagher's other former employees, who had left their employment with Gallagher shortly before Lang himself left. Several clients soon ended their relationship with Gallagher and brought their business to Lang's new firm. Gallagher alleges that "the amount of this lost business to Gallagher exceeds $400,000. If [Lang] had provided the required 60-days written notice prior to his departure, it is very likely that many, if not all, clients would have remained with Gallagher." Am. Compl. ¶ 22.

On June 6, 2014, Gallagher filed its amended complaint, charging Lang with breach of contract, to wit: failure to provide written notice of his resignation sixty days prior to leaving the firm, as required by Section 5(d); refusing to meet with the firm's legal counsel after leaving the firm, as required by Section 5(g); failing to return certain materials to the firm, as required by Section 7(c); and recruiting employees to leave the firm, in violation of Section 8(b).  The amended complaint also asserts claims for intentional interference with prospective economic advantage, negligent interference with contracts and

3

prospective economic advantage, unjust enrichment and unfair competition.[2]  It seeks both monetary and injunctive relief.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  However, where a court has

---

[2] Each of Gallagher's causes of action was advanced in its initial complaint; however, in the initial complaint unjust enrichment and unfair competition were asserted as a single cause of action, while in the amended complaint each is asserted as an independent cause of action.  Compare Compl. ¶¶ 38-41, with Am. Compl. ¶¶ 36-44.

4

previously granted a plaintiff an opportunity to amend its complaint after a motion to dismiss, and the amended complaint still fails to state claims with the required particularity, the court may grant a motion to dismiss without granting the plaintiff leave to amend. Arroyo v. Chattem, Inc., 926 F. Supp. 2d 1070, 1081 (N.D. Cal. 2012).

DISCUSSION

A.  Breach of Contract (First Cause of Action)

Lang contends that Gallagher failed to state a claim for breach of contract for three reasons. First, he argues that Gallagher's allegations concerning damages are merely speculative, and therefore are not sufficient to state a claim. Second, he asserts that the facts alleged in the amended complaint fail to show a breach of the no-recruiting provision of Section 8(b). Third, Lang argues that Gallagher failed to plead with sufficient specificity its claim that Lang breached the employment agreement by failing to return materials. Each of these arguments is addressed in turn.

1.  Sufficiency of Damages Claim

Lang asserts that Gallagher's claim that if he had provided sixty days' notice as required by Section 5(d), "it is likely that many, if not all, clients would have remained with Gallagher," is merely speculative and therefore fails to state a claim for breach of contract.

"The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages." McNeary-Calloway v. JP Morgan Chase

5

Bank, N.A., 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012).  In order to plead the damages prong sufficiently, a plaintiff must allege "appreciable and actual damage."  See Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000) (citing Patent Scaffolding Co. v. William Simpson Constr. Co., 256 Cal. App. 2d 506, 511 (1967) ("A breach of contract without damage is not actionable.")).[3]

The Court is not persuaded by Lang's argument that Gallagher's damages claim is merely speculative.  At the pleading stage, a plaintiff need only make a "short and plain statement" showing that it is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  "'Lost profits' . . . are specific allegations of damage that are sufficient to satisfy the requirement to plead 'actual and appreciable' damages under California breach of contract law."  Benedict v. Hewlett-Packard Co., 2014 U.S. Dist. LEXIS 7331, at *18 (N.D. Cal.).  Here, Gallagher has alleged that, as a result of Lang's failure to provide sixty days' notice as required by the employment agreement, it lost more than a dozen clients accounting for more than $400,000 in revenue.  Am. Compl. ¶ 22.  Gallagher's allegations are sufficient to survive a motion to dismiss.

Lang further argues that Gallagher has failed to claim any specific damage from the alleged breaches of Sections 5(g)

---

[3] Although Aguilera was stating a summary judgment standard, courts in this district have repeatedly used the "appreciable and actual damage" standard to determine whether a plaintiff has plead a breach of contract claim sufficiently.  See, e.g., Yunker v. Pandora Media, Inc., 2014 U.S. Dist. LEXIS 30829, at *15 (N.D. Cal.); Belluomini v. CitiGroup, Inc., 2013 U.S. Dist. LEXIS 103882, at *13 (N.D. Cal.); Architectural Res. Grp., Inc. v. Hks, Inc., 2013 U.S. Dist. LEXIS 20247, at *8-9 (N.D. Cal.).

6

(failure to meet with Gallagher's counsel), 7(c) (failure to return materials to Gallagher), and 8(b) (recruiting away two Gallagher employees).

"The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1051 (9th Cir. 2012) (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Here, Gallagher has asserted a single claim for breach of contract, alleging multiple breaches, and claiming that it sustained damages as a result of those alleged breaches. At this stage, such allegations are sufficient to state a claim for breach of contract.

2. No-Recruiting Provision

Lang contends that Gallagher has failed to allege breach of contact sufficiently with regard to the no-recruiting provision in Section 8(b) of the employment agreement, first, because the amended complaint does not allege that Lang recruited Gallagher's employees after he resigned his employment, and second, because even if Lang did breach the no-recruiting provision the amended complaint fails to allege that such a breach resulted in any damages to Gallagher.

Under California law, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal.

7

Civ. Code § 1641.  In addition, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."  Cal. Civ. Code § 1638.  In other words, a court "may not read [a] contract in a manner that leads to an absurd result."  Kassbaum v. Steppenwolf Prods., Inc., 236 F.3d 487, 491 (9th Cir. 2000) (citing Cal. Civ. Code § 1638).

Lang argues that "[t]here is no allegation that Lang solicited Plaintiff's employees following the termination of his employment. . . .  The Employment Agreement does not prohibit Lang from soliciting the employees prior to his termination." (Memorandum, 4 (citations to amended complaint omitted)).  In other words, Lang asks the Court to interpret Section 8(b) of the employment agreement as barring him from recruiting Gallagher employees after he had left Gallagher, but allowing him to recruit employees while he was still employed by Gallagher.  Gallagher urges that the employment agreement prohibited Lang from recruiting Gallagher employees both during the term of his employment and after he left.  The Court need not decide this question at this stage; the Court need only determine whether Gallagher has stated a claim for breach of contract.  The Court finds Gallagher's interpretation of the contract to be reasonable, and therefore finds that he has plead breach of contract sufficiently with regard to Section 8(b) of the employment agreement.

        3.   Return of Materials

Lang argues that Gallagher has failed to allege sufficiently any breach of Section 7(c) because it does not specifically

8

identify the materials that Lang allegedly failed to return.

The Court is not persuaded. The employment agreement expressly requires that Lang "return to the Corporation [Gallagher] all materials and all copies or tangible embodiments of materials" and property of Gallagher. Employment Agreement 15. Gallagher alleges that Lang did not do so, and that it has been harmed by Lang's failure to do so. That is sufficient to state a claim for breach of contract.

For these reasons, with respect to Gallagher's breach of contract claim, Lang's motion to dismiss is DENIED.

B.  Intentional and Negligent Interference with Prospective Economic Advantage (Second and Third Causes of Action)

Lang argues that Gallagher failed to state claims for intentional and negligent interference with prospective economic advantage because he did not allege any independent wrongful act.

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003) (citations omitted). The elements to state a claim for negligent interference with prospective economic advantage are the same, except instead of alleging intentional acts, the plaintiff must allege that the defendant knew or should

9

have known that the relationship would be disrupted if it failed to act with reasonable care; and that the defendant failed to act with reasonable care. Theme Promotions, Inc. v. News Am. Mktg., 546 F.3d 991, 1004 (9th Cir. 2008). In addition, for either tort, a plaintiff must allege that the defendant's conduct was "wrongful by some legal measure other than the fact of the interference itself." Korea Supply, 29 Cal. 4th at 1153. "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." Id. at 1159.

In its opposition to the motion, Gallagher argues that Lang committed an independent wrongful act by violating his duty of loyalty and his fiduciary duty set forth in sections 2860 and 2863 of the California Labor Code. However, Gallagher's amended complaint contains no allegations of any duty of loyalty or of fiduciary duty that Lang owed Gallagher, and contains no reference whatsoever to California Labor Code sections 2860 or 2863. Thus, Gallagher has failed to state a claim sufficiently.

More important, Gallagher seeks to use the same factual allegations to support both its breach of contract claim and its claims for intentional and negligent interference with economic advantage. Thus, Gallagher's "allegations sound in contract, not in tort." First Advantage Background Servs. Corp. v. Private Eyes, Inc., No. C-07-2424, Order at 5 (Docket No. 30) (N.D. Cal. Sept. 5, 2007) (citing JRS Prods., Inc. v. Matsushita Elec. Corp. of Am., 115 Cal. App. 4th 168, 181-82 (2004); Khoury v. Maly's of California, Inc., 14 Cal App. 4th 612, 618 (1993) ("If a contract plaintiff could plead in a conclusory way that the defendant

10

maliciously intended to drive the plaintiff out of business, the tort of interference with prospective business advantage would be routinely pleaded in breach of contract cases.")).

Accordingly, the Court dismisses Gallagher's claims for intentional and negligent interference with prospective economic advantage. Gallagher requests leave to amend; however, it does not specify any additional facts it could provide in a subsequent amended complaint that would state a claim. Pl.'s Opp. at 10 (Docket No. 29). Because the Court previously afforded Gallagher an opportunity to re-plead this claim under California law, and the claim is still insufficiently plead, this dismissal is without leave to amend.

C.   Unjust Enrichment (Fourth Cause of Action)

Lang argues that Gallagher cannot state a claim for unjust enrichment because California law does not recognize such an action.

The relationship between Gallagher and Lang is governed by a contract. Even if unjust enrichment is a recognized cause of action, under California law, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin., Inc. v. GE Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (citing Wal-Noon Corp. v. Hill, 45 Cal. App. 3d 605, 613 (1975)). Gallagher, in its response to the motion, makes no defense of its unjust enrichment claim.

Accordingly, the Court dismisses Gallagher's unjust enrichment claim. Because the claim cannot be amended to cure the defect, the dismissal is without leave to amend.

11

D. Unfair Competition (Fifth Cause of Action)

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39. In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003).

Gallagher's fifth cause of action alleges that Lang violated section 17200 by "unfairly and improperly inducing employees to leave Gallagher in contravention of defendant's contractual obligations, and by engaging in other wrongful acts." Am. Compl. ¶ 41. In its opposition to the motion, Gallagher further argues that by recruiting employees away from Gallagher, Lang both violated the Employment Agreement and breached his duty of loyalty and fiduciary duty owed to Gallagher pursuant to California Labor Code sections 2860 and 2863.

"A breach of contract claim may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unlawful, unfair, or fraudulent." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1152 (9th Cir. 2008) (quoting Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003)) (internal alteration, citation and quotations

12

omitted). As previously noted, the amended complaint does not even allege, much less state a claim sufficiently, that Lang violated any duty of loyalty or fiduciary duty to Gallagher. Gallagher's generic assertion that Lang violated section 17200 "by engaging in other wrongful acts" is not sufficient to state a claim.

Accordingly, the Court dismisses Gallagher's claim for unfair competition. Gallagher requests leave to amend; however, it does not specify any additional facts it could provide in a subsequent amended complaint that would state a claim. Pl.'s Opp. at 10 (Docket No. 29). Because the Court previously afforded Gallagher an opportunity to re-plead this claim under California law, and the claim is still insufficiently plead, this dismissal is without leave to amend.

CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 22) is GRANTED IN PART and DENIED IN PART. Plaintiff has stated a claim for breach of contract based on Defendant's alleged breaches of Sections 5(d), 5(g), 7(c), and 8(b) of the employment agreement. All of Plaintiff's other claims are dismissed without leave to amend.

IT IS SO ORDERED.

Dated: 9/2/2014

CLAUDIA WILKEN
United States District Judge

13