IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., | No. C 14-0909 CW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | (Docket No. 38) |
| CHRISTOPHER LANG, | |
| Defendant. | |

Plaintiff and Counterclaim-Defendant Arthur J. Gallagher & Co. brought this action against its former employee, Defendant and Counterclaimant Christopher Lang, for breach of contract and various business-related torts. This Court granted in part and denied in part Lang's motions to dismiss the complaint and the subsequently-filed amended complaint. Lang then answered the amended complaint and filed a counterclaim asserting six causes of action. Gallagher moves to dismiss four of Lang's counterclaims. Lang opposes the motion. After considering the parties' submissions, the Court grants Gallagher's motion, dismisses sua sponte the fifth cause of action and grants Lang leave to amend his counterclaim consistent with this Order.

BACKGROUND

Lang asserts the following facts in his counterclaim.

Gallagher is an insurance brokerage firm with its principal place of business in Illinois. In September 2008, Lang and Gallagher entered into an employment agreement whereby Lang agreed to be employed as an insurance broker in Gallagher's San Francisco

office.  The employment agreement specified a term of employment from September 10, 2008 through August 31, 2011.  On or about August 26, 2011, Lang confirmed with his supervisor, Douglas Bowring, that the employment agreement would no longer be in place after August 31, 2011, and that Lang's employment after that time would continue on an "at-will" basis.  In January 2014, Lang informed Bowring that he was unhappy with Gallagher.  Later that month Gallagher proposed that Lang purchase his book of business from Gallagher for 1.5 times its value, or about $1,500,000.00.  On January 31, 2014, Lang tendered his resignation letter to James McFarlane, Chairman of the Western Region.  Lang inquired as to how Gallagher would notify clients of Lang's departure; McFarlane instructed Lang not to contact any of the clients.  Beginning January 31, 2014, Lang's clients began contacting him concerning his resignation.  Some of these clients said they heard of Lang's resignation from Gallagher's employees.  In a letter dated February 13, 2014, Gallagher communicated to Lang that it considered the employment agreement to be valid and in force.

On February 28, 2014, Gallagher filed a Complaint against Lang.  Lang filed a motion to dismiss, which this Court granted in part and denied in part.  Gallagher then filed an amended complaint.  Again Lang filed a motion to dismiss and again the Court granted the motion in part and denied it in part.  Gallagher now proceeds on three claims of breach of contract.

Lang's counterclaim asserts six causes of action: intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, a violation of sections 17200 et seq. of the California Business and Professions

2

Code, two counts of restraint of trade and a request for declaratory relief. Lang seeks monetary damages and declaratory relief. To summarize briefly, Gallagher moves to dismiss Lang's counterclaim on the basis that Gallagher's alleged actions are protected by California's litigation privilege and that Lang does not allege Gallagher engaged in sufficient conduct to support his causes of action.[1] The Court addresses each argument in turn.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). When granting a motion to

---

[1] Gallagher's motion also offers the argument that Lang's counterclaim should be dismissed in its entirety as untimely. In response Lang points out that Gallagher cites no authority in support of this argument. In its reply brief, Gallagher apparently abandons the argument, so the Court will not address it further.

3

dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

## DISCUSSION

A.  Interference with Prospective Economic Advantage (First and Second Causes of Action)

Gallagher moves to dismiss Lang's first two causes of action, negligent and intentional interference with prospective economic advantage, for two reasons: first that the causes of action are barred by California's litigation privilege and second that Lang fails to state a claim because he does not allege an independent wrong. The Court agrees with Gallagher and will, accordingly, grant its motion.

Gallagher first moves to dismiss these causes of action because they are barred by California's litigation privilege. Under California Civil Code section 47(b), communications made in or related to judicial proceedings cannot give rise to tort liability. The purpose of the so-called litigation privilege is "to afford litigants . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." Silberg v. Anderson, 50 Cal. 3d 205, 213 (1990). The privilege is quite broad. It covers "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication

4

is made outside the courtroom and no function of the court or its officers is involved." Id.  Courts have applied the litigation privilege to all tort claims, with the exception of malicious prosecution.  Edwards v. Centex, 53 Cal. App. 4th 15, 29 (1997).

The threshold issue in determining whether the litigation privilege applies is whether the defendant's conduct was communicative, in which case the privilege bars suit, or non-communicative, in which case it does not.  Kimmel v. Goland, 51 Cal. 3d 202, 211 (1990).  The relevant judicial inquiry is whether the alleged injury resulted from an act that was "communicative in its essential nature."  Rusheen v. Cohen, 37 Cal. 4th 1048, 1058 (2006).

In response to Gallagher's motion, Lang argues that his counterclaims are founded in Gallagher's conduct: interfering with Lang's business relationships and attempting to intimidate the clients into ceasing those relationships.  Gallagher replies that the essence of Lang's claims is that Gallagher allegedly said something during its contacts with the clients, and that the conduct Lang alleges is really communication.  As currently plead, Lang's counterclaims do not allege non-communicative conduct that falls outside of the litigation privilege.

First, Lang's counterclaims assert that Gallagher "contacted" his clients "for the purpose of intimidating" them to terminate

5

their relationships with Lang.[2]  Lang cites no cases to support his position that talking to those who may be affected by litigation is non-communicative; indeed, in all of the cases he cites the courts are careful to distinguish communication from conduct going beyond communication.  See Kimmel v. Goland, 51 Cal. 3d 202, 205 (1990) (illegal recording of telephone conversations is non-communicative); Kupiec v. American Intl. Adjustment Co., 235 Cal. App. 3d 1326, 1333 (1991) (concealment, misrepresentation and abuse of the discovery process are communicative where, "[s]ignificantly, there is no allegation of physical destruction of evidence"); LiMandri v. Judkins, 52 Cal. App. 4th 326, 345 (1997) (preparation and execution of documents is non-communicative).  Lang's counterclaim does not allege any conduct other than "contact[ing]" the clients and, on the legal authority cited, the Court cannot conclude that this conduct is non-communicative so as to escape the litigation privilege.  Further, as "[a]ny doubt about whether the privilege applies is resolved in favor of applying it," Kashian v. Harriman, 98 Cal. App. 4th 892, 913 (2002), the Court grants Gallagher's motion to dismiss.

---

[2] Lang also asserts that Gallagher "filed legal action against Lang to induce the Clients, and/or other potential employers or businesses, to terminate their relationships. . . ."  As Gallagher argues, and as Lang essentially concedes in his response, the litigation privilege certainly bars a cause of action based on the filing of a lawsuit.  Action Apartment Assoc., Inc. v. Santa Monica, 41 Cal. 4th 1232, 1249 (2007) ("the filing of a legal action . . . by its very nature is a communicative act.").

6

Gallagher also moves to dismiss these causes of action on the ground that Lang fails to state a claim for relief.  To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003) (citations omitted).  The elements to state a claim for negligent interference with prospective economic advantage are the same, except instead of alleging intentional acts, the plaintiff must allege that the defendant knew or should have known that the relationship would be disrupted if it failed to act with reasonable care; and that the defendant failed to act with reasonable care.  Theme Promotions, Inc. v. News Am. Mktg., 546 F.3d 991, 1004 (9th Cir. 2008).  In addition, for either tort, a plaintiff must allege that the defendant's conduct was "wrongful by some legal measure other than the fact of the interference itself."  Korea Supply, 29 Cal. 4th at 1153.  "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  Id. at 1159.

7

In the paragraphs describing his first two causes of action, Lang alleges that Gallagher knew of the economic relationships between the clients and Lang; that Lang had a prospective economic advantage because of these relationships; that Gallagher contacted the clients and filed a lawsuit with the intent to disrupt the prospective economic advantage; that the relationships were disrupted; and that Lang was harmed by this disruption. These allegations satisfy some of the main elements articulated above. However, as Gallagher argues, the conduct Lang describes in the first two causes of action—contacting clients and filing a lawsuit—are not independently wrongful acts and Lang does not cite any legal authority upon which the Court could conclude otherwise. Instead, in response to Gallagher's argument, Lang cites subsequent paragraphs of his counterclaim, which allege causes of action predicated upon completely different conduct, namely the parties' execution of the employment agreement. Because of the counterclaim's disjointed and incongruous nature, it is difficult to tell exactly what conduct forms the bases of Lang's causes of action and thus the claims as currently written do not give Gallagher fair notice of the grounds on which the causes of action rest. Twombly, 550 U.S. at 555. As such, the Court must dismiss Lang's first and second causes of action for this reason as well. The Court grants Lang leave to amend but only if he can plead a counterclaim based on conduct that is not barred by the litigation

8

privilege and that satisfies the independent wrong requirement of these causes of action.

> B.  Violation of California Business and Professions Code Sections 17200 et seq. (Third Cause of Action)

Lang's third cause of action proceeds under California's Unfair Competition Law, which prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Lang alleges that Gallagher violated the Unfair Competition Law by requiring Lang to execute the employment agreement in this case, which he alleges contains unreasonable, overbroad and unenforceable covenants not to compete and not to solicit the business of Gallagher's clients.  Gallagher moves to dismiss Lang's third cause of action for two reasons: first that the cause of action is barred by California's litigation privilege and second that Lang fails to state a claim because he does not allege conduct that is independently unlawful, unfair or fraudulent.[3]  For the reasons that follow, the Court grants Gallagher's motion.

First, in response to Gallagher's assertion of the litigation privilege, Lang argues that his cause of action asserts liability predicated on non-communicative acts of requiring Lang to execute the employment agreement and on Gallagher's vacillation on whether

---

[3] In response to Gallagher's second argument, Lang asserts that his allegation of a violation of California Business and Professions Code section 16600 serves as a basis for his Unfair Competition Law claim.  In its reply briefing, Gallagher does not rebut this argument, and instead pursues only its litigation privilege argument.  Accordingly, the Court considers this argument to be abandoned and analyzes only the litigation privilege argument.

9

or not the employment agreement applied beyond August 31, 2011. However, as Gallagher persuasively argues in its reply, the injurious action Gallagher committed, if any, is not the mere requirement that Lang execute the employment agreement, but rather the filing of the lawsuit seeking to enforce the agreement. Lang's alleged injury makes this clear: the injury Lang articulates is loss of income, loss of business and loss of goodwill, all injuries Lang would suffer if the allegedly anti-competitive provisions of the agreement were enforced, but which Lang did not suffer due to merely signing the agreement.

The California Court of Appeal illustrated this reasoning in Navellier v. Sletten, 106 Cal. App. 4th 763 (2003). There, the defendant served as an independent trustee of a mutual fund established and advised by the plaintiffs. 106 Cal. App. 4th at 767. There was some shuffling of advisors, during the course of which the defendant signed a release discharging all claims against the plaintiffs other than contribution and indemnity. Id. The plaintiffs then filed suit against the defendant in federal court and the defendant filed counterclaims. Id. Subsequent to the entry of a federal judgment, the plaintiffs filed suit in state court, alleging that the defendant committed fraud by misrepresenting his intention to be bound by the release he executed and further asserting that he breached the release when he pursued his federal counterclaims. Id. at 768. The defendant interposed an anti-SLAPP[4] motion, predicated in relevant part on

---

[4] Anti-SLAPP refers to California's anti-Strategic Lawsuit Against Public Participation statute. See Cal. Code Civ. Proc. § 425.16.

10

the litigation privilege, and arguing that the plaintiffs could not maintain a suit in tort against him for the counterclaims he filed as part of the federal action. Id. at 768, 769-70. In assessing the applicability of the litigation privilege to these facts, the Court of Appeal drew a distinction between a claim arising from the defendant's act of signing the release and a claim arising from the defendant's subsequent filing of the counterclaims. Id. at 771-72. The court explained:

> While it is true that the alleged fraud occurred before the counterclaims were filed, it is also true that damages from the fraud were caused by the counterclaims' assertion. Thus, as the [California Supreme Court] majority observed [on prior appeal], "[defendant] is being sued because of the affirmative counterclaims he filed in federal court. In fact, but for the federal lawsuit and [defendant's] alleged actions taken in connection with that litigation, plaintiffs' present claims would have no basis." Since the fraud claim is predicated, at least in part, on privileged counterclaims and, as has been noted, the privilege bars all tort causes of action other than malicious prosecution, plaintiffs cannot prevail on the fraud claim and the motion to strike should have been granted as to that cause of action.

Id. (internal citations omitted). This analysis applies neatly to the instant case. The allegedly anticompetitive action may have occurred at the time of the execution of the employment agreement, but any injury Lang can claim originates in Gallagher's litigation to enforce those provisions of of the agreement. Gallagher's filing of its lawsuit is a communicative act falling squarely within the litigation privilege and, thus, Gallagher is entitled to protection of the litigation privilege and dismissal of this cause of action. The Court grants Lang leave to amend but only if he can plead an anticompetitive action not barred by litigation privilege that is independently unlawful, unfair, or fraudulent.

11

C. Restraint of Trade - Terminated Employment Agreement (Fourth Cause of Action)

Lang's fourth cause of action alleges that Gallagher represented that the employment agreement was not in force, that Lang relied on that representation and that Gallagher then filed suit to enforce the employment agreement. Lang asserts that these actions restrained Lang from practicing his profession. Gallagher seeks dismissal of this cause of action as barred by the litigation privilege because the basis of the cause of action is Gallagher's lawsuit to enforce the employment agreement. The Court can only agree, based on the same logic as explained in section B, above. Accordingly, Gallagher is entitled to dismissal of this cause of action. The Court grants Lang leave to amend but only if he can plead an act restraining his trade that is not barred by the litigation privilege.

D. Restraint of Trade - Contract Provisions (Fifth Cause of Action)

Lang's fifth cause of action alleges that the employment agreement contains provisions that restrained trade and prevented Lang from engaging in his lawful profession. Although Gallagher's motion to dismiss does not seek dismissal of this cause of action, the Court finds it prudent to dismiss it sua sponte. The fifth cause of action displays a frailty similar to the third and fourth causes of action: the alleged injury occurred or is occurring due to Gallagher's enforcement of the employment agreement in litigation, not due to the mere execution of the agreement, and thus the litigation privilege shields Gallagher from liability. On this point, the Court finds that Lang is not entitled to relief

12

on his cause of action as plead, and the Court may, therefore, dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). Omar v. Sea Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Accordingly, the Court dismisses Lang's fifth cause of action. Lang is granted leave to amend, but only if he can plead a cause of action consistent with this Order.

The Court thus dismisses causes of action one through five of Lang's counterclaim. The Court also grants Lang leave to file an amended counterclaim within fourteen days of the date of this Order. Though Lang's sixth cause of action survives after this Order granting Gallagher's motion to dismiss, the Court reminds Lang of this District's Civil Local Rule 10-1, Amended Pleadings, which mandates that amended pleadings stand alone and may not incorporate any part of a prior pleading by reference.

## CONCLUSION

For the reasons set forth above, Gallagher's motion to dismiss (Docket No. 38) is GRANTED. Causes of action one through five of Lang's counterclaim are dismissed. The Court grants Lang leave to amend, and grants Lang fourteen days from the date of this Order to file an amended counterclaim, consistent with this Order. A case management conference will be held in this case at 2:00 PM on Wednesday, February 25, 2015. The parties shall submit a joint case management statement by February 18, 2015.

IT IS SO ORDERED.

Dated: December 3, 2014

CLAUDIA WILKEN
United States District Judge